## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHIREAKA LORET ADAMS,

        *Plaintiff*,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

        *Defendant*.

_____/

Case No. 2:22-cv-12256

District Judge
Gershwin A. Drain

Magistrate Judge
Curtis Ivy, Jr.

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#20], OVERRULING PLAINTIFF'S OBJECTIONS [#21], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#14], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#17]

This is an action for disability benefits filed September 23, 2022. Before the Court are cross motions for summary judgment filed by Shireaka Loret Adams ("Plaintiff") and the Commissioner of Social Security ("Defendant"). ECF Nos. 14, 17. The Court referred this matter to Magistrate Judge Curtis Ivy, Jr. (ECF No. 2), who issued a Report and Recommendation on January 3, 2024 (ECF No. 20). Judge Ivy recommends that the Court deny Plaintiff's Motion and grant Defendant's, finding that Plaintiff did not successfully show that the Administrative Law Judge's (ALJ) denial of disability benefits was not supported by substantial evidence. ECF No. 20, PageID.742.

1

The Court now considers Plaintiff's Objections to Judge Ivy's Report and Recommendation, filed on January 17, 2024. ECF No. 21. Defendant filed a timely reply on January 30, 2024. ECF No. 22. Upon consideration of the above-listed filings, the Court finds that Judge Ivy reached the correct conclusion.[1]

## I.      LEGAL STANDARD

The Court reviews *de novo* the portions of a report and recommendation to which proper objections are made. Fed. R. Civ. P. 72(b)(3); *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 580 (E.D. Mich. 2014). A party's objections to a report and recommendation must be specific and must clearly state the grounds for each objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (Quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections not currently before this Court have not been preserved for appellate review, so "making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[1] The Report and Recommendation sets forth the relevant background in this case, and neither party objects to that recitation of the facts. ECF No. 20, PageID.720–724. The Court thus incorporates Judge Ivy's statement of the facts by reference and does not recite them here.

## II.   PLAINTIFF'S OBJECTIONS

### A.   Objection One

Plaintiff first argues that the Report and Recommendation "erred in finding that the ALJ properly rejected Morton's opinion." ECF No. 21, PageID.745. According to Plaintiff, Judge Ivy did not (1) adequately explain how the mental status examinations undermined the opinion of her therapist, Ms. Morton; and did not (2) sufficiently explain how Ms. Morton and Dr. Merritt Davis's treatment notes undermined Morton's opinion. *Id.* at PageID.746.

Both arguments are without merit. To start, as outlined in the Report and Recommendation, Judge Ivy did not need to find that the mental state examinations undermined Ms. Morton's opinion to uphold the ALJ's decision. In fact, the Magistrate Judge explained more than once that his role was not to reweigh the evidence at all. ECF No. 20, PageID.729, 740, 742. Assessing the available evidence and its credibility was squarely in the province of the ALJ. *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 401 (6th Cir. 2018) ("An ALJ is tasked with evaluating the medical evidence presented to him to determine whether a claimant is disabled."); *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) ("Credibility is properly within the province of the ALJ to determine."). In deciding whether to uphold the ALJ's decision, the Magistrate Judge needed only to find that it "is supported by substantial evidence and was made pursuant to proper legal standards."

3

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)).

Properly adhering to these standards, Judge Ivy did not "determine[] that the MSE's undermined Ms. Morton's opinion" and did not determine that "Ms. Morton's and Dr. Merritt Davis's treatment notes undermined Ms. Morton's opinion." ECF No. 21, PageID.746. Importantly, he found that substantial evidence supported *the ALJ's* arrival at her conclusions on these issues. *Id.* at PageID.730 ("The ALJ created an accurate and logical bridge between the evidence and the decision . . . . The undersigned finds no fault in the ALJ's conclusion . . ."). As the proper standard was applied, this Court agrees with the Report and Recommendation.

Further, contrary to Plaintiff's suggestion, the ALJ did explain why she found Ms. Morton's opinion unpersuasive in view of treatment notes from Ms. Morton and Dr. Davis. The ALJ found the conclusion that Plaintiff has "no useful ability to function" and cannot "maintain socially appropriate behavior" inconsistent with treatment notes indicating that Plaintiff has:

> intact orientation, judgment, impulse control, speech attention, concentration, psychomotor activity, thought content, thought process, and behavior; psychological stability; improved stability; improved clinical status; and the claimant's ability to complete tasks related to her physical health as well as control her thoughts without medication side effects.

ECF No. 10, PageID.59. These findings outline an individual who is, in fact, "largely

normal." ECF No. 20, PageID.730. Findings from Dr. Davis that Plaintiff exhibited improved stability and clinical status only bolster the ALJ's assessment, but they were not necessary to a reading that Ms. Morton's records were internally inconsistent.

Thus, neither the ALJ nor Judge Ivy's conclusions are unclear. A finding that someone has no useful ability to function is indisputably inconsistent with evidence showing that the same individual exhibits proper judgment, impulse control, concentration, thought process, and motor activity. It is similarly inconsistent to acknowledge evidence that this individual can control her thoughts and impulses but still find that she cannot maintain socially appropriate behavior. Based on these considerations alone, the ALJ had substantial evidence showing that Ms. Morton's opinion is unpersuasive. And as Judge Ivy noted, Plaintiff still does not explain how parallel findings that Plaintiff suffers from a depressed, anxious, and angry mood means that there is not a "logical bridge between the evidence and the [ALJ's] decision." *Id.*

Though Plaintiff accuses the ALJ of cherry-picking the evidence, she relies on a small portion of the overall record in supporting her position. Having applied the record in its totality, both the ALJ and the Magistrate Judge were justified in reaching their conclusions.

**B.      Objection Two**

Plaintiff next argues that the Report and Recommendation "erred in finding that the ALJ adequately accounted for Ms. Adams' moderate limitations in CPP when formulating the RFC." ECF No. 21, PageID.748. According to Plaintiff, Judge Ivy's reasoning that substantial evidence and "largely normal mental status examinations" supported the residual functional capacity ("RFC") is problematic because the mental status examinations were not largely normal given her anxious, angry, and depressed mood. ECF No. 21, PageID.749. The Court has already rejected this argument with respect to Plaintiff's first objection and finds that the same reasoning applies here.

Plaintiff also takes issues with the ALJ's reliance on Dr. Daldin's "partially persuasive" opinion since it was formulated before Plaintiff began receiving mental health treatment. *Id*. Judge Ivy properly addressed this argument in the Report and Recommendation. He noted that "the ALJ recognized, however, that Plaintiff did not begin regular mental health treatment until after her examination with Dr. Daldin." ECF No. 20, PageID.731. Judge Ivy nonetheless found that the ALJ properly considered the opinion in context when arriving at its conclusion. *Id.* Plaintiff merely restates her disagreement with the ALJ's reliance on Dr. Daldin's opinion, which she expressed in her opening brief, but she does not identify any error by the Magistrate Judge in forming his conclusion on this evidence. *See* ECF No.

6

14, PageID.664. Such regurgitated disagreements are insufficient to constitute an objection warranting review. *Jidas v. Comm'r of Soc. Sec.*, No. 17-cv-14198, 2019 U.S. Dist. LEXIS 47800, at *2 (E.D. Mich. Mar. 22, 2019) ("Objections that restate arguments already presented to the magistrate judge are improper . . . as are those that dispute the general correctness of the report and recommendation) (internal citations omitted.

Plaintiff further argues that the ALJ did not "adequately explain[] her determination that limiting Ms. Adams to simple, routine tasks accounted for her moderate limitations in CPP." ECF No. 21, PageID.750. She argues that the Report and Recommendation improperly relied on the ALJ's "boilerplate" statements, which did not create an "'accurate and logical bridge' from the evidence to the result." ECF No. 21, PageID.750. Not so. As Judge Ivy made clear, "Plaintiff bears the burden of proving the need for a more restrictive RFC." ECF No. 20, PageID.736. Applying this standard, he found that Plaintiff cited "no evidence of specific functional limitations associated with CPP that would support a more restrictive RFC." *Id.* Plaintiff has not shown that this burden is improperly imposed and, notably, has not identified evidence showing that the unidentified evidence exists.

Thus, the Report and Recommendation does not rely solely on the ALJ's "boilerplate" statements in isolation. It notes, as stated, that Plaintiff offered no

evidence supporting a more restrictive RFC, that Ms. Morton's opinion was properly discounted in light of largely normal mental status examinations, and that ALJ properly relied on the opinion of a state agency psychologist "who found no limitations in CPP." *Id.* These considerations together supported Judge Ivy's finding that the RFC adequately accounts for Plaintiff's limitations.

Lastly, Plaintiff refashions her argument that the ALJ did not explain how her depression and anxiety factor into her ability to perform simple, routine tasks. ECF No. 21, PageID.751. Plaintiff again lifts this previously-addressed argument from her opening brief and presents it to the Court. *See* ECF No. 14, PageID.667. But she does not, however, identify an error in Judge Ivy's finding that "the absence of a specific limitation to account for CPP in the RFC is not *per se* error and is, here supported by substantial evidence." ECF No. 20, PageID.736. By generally restating her prior argument, Plaintiff fails to present this Court with an objection ripe for review.

### III.   CONCLUSION

For the foregoing reasons, the Court will **ACCEPT AND ADOPT** the Report and Recommendation (ECF No. 20) as this Court's findings of fact and conclusions of law. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. The Commissioner of Social Security's Decision is **AFFIRMED**.

**IT IS SO ORDERED**.


Dated:  March 6, 2024                    /s/ Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         U.S. DISTRICT JUDGE


### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 6, 2024, by electronic and/or ordinary mail.
/s/Lisa Bartlett
Case Manager